UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE PERRY,

 Plaintiff,

v.

WAYNE COUNTY COMMUNITY COLLEGE DISTRICT,

 Defendant.

---

PITT MCGEHEE PALMER & RIVERS P.C.
CARY S. McGEHEE (P42318)
cmcgehee@pittlawpc.com
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan  48067
(248) 398-9800

---

## COMPLAINT AND JURY DEMAND

 Plaintiff, Annette Perry, by and through his attorneys, Pitt McGehee Palmer & Rivers P.C., files the following Complaint against Defendant and states as follows:

## JURISDICTIONAL ALLEGATIONS

 1. Plaintiff is a resident of the State of Michigan.

2. Defendant Wayne County Community College District (hereinafter referred to as "WCCCD"), is a federally funded public university with its principal place of business in Wayne County, Michigan.

3. The events giving rise to this action, including the alleged discriminatory actions, occurred in Wayne County, Michigan.

4. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

5. On February 6, 2013, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 471-2013-01183, contending that Defendant discriminated against her because of her status as an individual with a disability, in violation of the Americans With Disabilities Act ("ADA") and failed to accommodate her in violation of the ADA.

6. After a thorough investigation, on April 1, 2014, the EEOC issued a Determination finding that "there is reasonable cause to believe that Plaintiff's allegations are true with respect to denial of a reasonable accommodation", and that Plaintiff "was subjected to different terms and conditions of employment based on her protected class, and that Defendant maintains a leave policy that is in violation of the ADA".

7. On July 10, 2014, the EEOC referred Plaintiff's EEOC charge of discrimination with the U.S. Department of Justice.

8. On February 9, 2015, the U.S. Department of Justice issued to Plaintiff a Notice of Right to Sue.

9. Plaintiff timely filed her EEOC claim.

10. Plaintiff has filed her lawsuit within 90 days of the date she received her notice of right to sue.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Jurisdiction is placed in this Court pursuant to 42 U.S.C. §12111, under the ADA.

## **GENERAL ALLEGATIONS**

13. Plaintiff Perry was hired by Defendant in November of 1993, as a General Clerk.

14. In or around 2000, Plaintiff became a Campus Student Advisor.

15. In August of 2009, Plaintiff was diagnosed with Multiple Myeloma and commenced a medical leave of absence.

16. On August 27, 2012, Plaintiff was released to return to work by her treating physician.

17. On August 27, 2012, Plaintiff made a written request for accommodation.

18.     Defendant refused Plaintiff's request for accommodation and on September 10, 2012, placed Plaintiff on a paid administrative leave effective August 27, 2012.

19.     On November 26, 2012, Plaintiff was required to return to work as a Campus Student Advisor by Defendant <u>without</u> accommodation.

20.     Starting on August of 2012, Plaintiff opposed Defendant's refusal to grant her request for accommodation under the ADA to no avail.

21.     As a result of Defendant's failure to accommodate Plaintiff and its actions in requiring her to work without accommodations, Plaintiff suffered work-related stress for which she sought treatment by a psychologist and psychiatrist and experienced a recurrence of her cancer.

22.     In July of 2013, Plaintiff was hospitalized for a week due to a recurrence of her cancer.

23.     Plaintiff continued to work for Defendant without accommodation until September of 2013, at which point she could no longer physically or mentally work for Defendant without accommodation and she was forced on a medical retirement.

24.     Had Defendant granted Plaintiff's ADA request for accommodation, she would not have become disabled from working in September of 2013.

25. At the time that Plaintiff was forced to take a medical retirement, she was earning approximately $53,000 a year in salary, along with other valuable benefits of employment.

## COUNT I
## (Violation of the Americans With Disabilities Act –
## Failure to Accommodate and Disability Discrimination)

26. Plaintiff incorporates by reference the General Allegations contained above.

27. At all times relevant hereto, Plaintiff was an employee and Defendant an employer within the meaning of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12111(4)(5).

28. At all times relevant to this action, Plaintiff was a qualified individual with a disability pursuant to 42 U.S.C. §12111(8), who, with accommodation, could perform the essential functions of her position as a Campus Student Advisor.

29. Plaintiff was an individual with a disability within the meaning of 42 U.S.C. §12102, in that she has a physical impairment that substantially limits one or more of her major life activities, who with accommodation could perform the essential functions of her job with Defendant, and/or Plaintiff had a record of such a disability and/or was regarded by Defendant as having such a disability.

30. Plaintiff's disability is a Multiple Myeloma.

31.     At all times relevant hereto, Defendant had a duty under the ADA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship. Defendant's duty to accommodate Plaintiff includes, but is not limited to, transferring Plaintiff to an available position, providing Plaintiff with a reasonable time to recover, restructuring Plaintiff's job, and/or altering Plaintiff's work schedule.

32.     At all times relevant hereto, Defendant could have accommodated Plaintiff's disability without suffering an undue hardship.

33.     At all times relevant hereto, Defendant had a duty under the ADA not to discriminate against Plaintiff with respect to compensation or terms, conditions, or privileges of employment, because of a disability, because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability.

34.     At all times relevant hereto, Defendant had a duty not to retaliate against Plaintiff with respect to her employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for her opposing a violation of the Act or for filing an EEOC charge.

35. Notwithstanding said duties as set forth above, Defendant discriminated against Plaintiff because of her disability and/or because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability when it failed to accommodate Plaintiff, and forced Plaintiff to take a medical retirement.

36. As a direct and approximate result of Defendant's disability discrimination and retaliation, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendant.

Accordingly, Plaintiff requests the following relief:

    a. An Order of this Court allowing Plaintiff reinstatement to a position with Defendant within Plaintiff's restrictions;

    b. An Order of this Court awarding Plaintiff compensatory damages in an amount in excess of $75,000.00 she is found to be entitled to;

    c. Punitive damages;

    d. An Order of this Court awarding Plaintiff interest, costs, and attorney fees;

    e. An Order of this Court awarding Plaintiff such other equitable relief as this Court deems just and equitable.

## COUNT II
## (Violation of the Michigan Persons with Disabilities Act –
## Failure to Accommodate, Disability Discrimination and Retaliation)

37.     Plaintiff incorporates by reference the General Allegations contained above.

38.     At all times relevant hereto, Plaintiff was an employee and Defendant an employer within the meaning of the Michigan Persons with Disabilities Act ("PDCRA"), being MCLA §37.1201, *et seq.*

39.     At all times relevant to this action, Plaintiff was a qualified individual with a disability in accordance with the PDCRA in that Plaintiff is an individual with a disability, who, with accommodation, could perform the essential functions of her position as a Campus Student Advisor.

40.     Plaintiff was an individual with a disability in accordance with the PDCRA, in that she has a physical impairment that substantially limits one or more of her major life activities, who with accommodation could perform the essential functions of her job with Defendant, and/or Plaintiff had a record of such a disability and/or was regarded by Defendant as having such a disability.

41.     Plaintiff's disability is a Multiple Myeloma.

42. At all times relevant hereto, Defendant had a duty under the PDCRA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship. Defendant's duty to accommodate Plaintiff includes, but is not limited to, transferring Plaintiff to an available position, providing Plaintiff with a reasonable time to recover, restructuring Plaintiff's job, and/or altering Plaintiff's work schedule.

43. At all times relevant hereto, Defendant could have accommodated Plaintiff's disability without suffering an undue hardship.

44. At all times relevant hereto, Defendant had a duty under the PDCRA not to discriminate against Plaintiff with respect to compensation or terms, conditions, or privileges of employment, because of a disability, because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability.

45. At all times relevant hereto, Defendant had a duty not to retaliate against Plaintiff with respect to his employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for her requesting accommodation, opposing a violation of the Act or for filing an EEOC charge.

46. Notwithstanding said duties as set forth above, Defendant discriminated and retaliated against Plaintiff because of her disability and/or because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability, because she requested accommodation, opposed a violation of the Act, and filed a charge with the EEOC, when it refused to accommodate Plaintiff and forced her to take a medical retirement.

47. As a direct and approximate result of Defendant's disability discrimination and retaliation, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendant.

Accordingly, Plaintiff requests the following relief:

    a. An Order of this Court allowing Plaintiff reinstatement to a position with Defendant within Plaintiff's restrictions;

    b. An Order of this Court awarding Plaintiff compensatory damages in an amount in excess of $75,000.00 he is found to be entitled to;

    c. An Order of this Court awarding Plaintiff interest, costs, and attorney fees;

  d.  An Order of this Court awarding Plaintiff such other equitable relief as this Court deems just and equitable.

    PITT McGEHEE PALMER & RIVERS P.C.

    By: /s/Cary S. McGehee_____
      Cary S. McGehee (P42318)
      Attorney for Plaintiff
      117 W. Fourth Street, Ste. 200
      Royal Oak, MI 48067
      (248) 398-9800
      cmcgehee@pittlawpc.com

DATE:  May 8, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE PERRY

    Plaintiff,

v.

WAYNE COUNTY COMMUNITY COLLEGE DISTRICT

    Defendant.

---

PITT MCGEHEE PALMER & RIVERS P.C.
CARY S. McGEHEE (P42318)
cmcgehee@pittlawpc.com
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

---

## **JURY DEMAND**

Plaintiff herein demands a trial by jury of all issues to the within cause of action.

        PITT McGEHEE PALMER &RIVERS P.C.

        By:    s/Cary S. McGehee_____
            Cary S. McGehee (P42318)
            Attorney for Plaintiff
            117 W. Fourth Street, Ste. 200
            Royal Oak, MI 48067
            (248) 398-9800
            cmcgehee@pittlawpc.com

DATE:      May 8, 2015